IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES A GARRISON,

       Petitioner,

v.                                                    CASE NO. 1:12-cv-145-LC-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

       Respondent.

_____/

## AMENDED REPORT AND RECOMMENDATION

The Court's previous Report and Recommendation (Doc. 29) is withdrawn and is replaced with this Amended Report and Recommendation. Relying upon *Wall v Kholi*, __ U.S. __, 131 S.Ct. 1715 (2011), the Court incorrectly stated in the first report and recommendation that Petitioner's 3.800(c) motion qualified as a tolling motion. It does not. After *Wall*, the Eleventh Circuit addressed the issue of whether a 3.800(c) motion tolled the federal statute of limitations for habeas petitions. In *Baker v. McNeil*, 439 Fed.Appx. 786 (11th Cir 2011) (unpublished),[1] the Eleventh Circuit held that a 3.800(c) motion does not toll the federal statute of limitations. The Court's error in the first report and recommendation, however, only results in six fewer days of tolling, which makes no difference in the outcome of the case. The Petition is therefore still untimely with this adjustment.

## Introduction

Petitioner, a prisoner incarcerated at Calhoun Correctional Institution, initiated

---

[1]Although unpublished opinions are not binding on this Court, they are persuasive authority.  11th Cir. R. 36-2.

this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2007 Alachua County convictions. (Doc. 1.) Now pending before the Court is Respondent's Motion to Dismiss and Alternative Response to Order to Show Cause and Incorporated Memorandum of Law. (Doc. 24.) Petitioner asked for, and received, an extension of time to file a response to the motion, but failed to do so, and the time in which to do so has now passed. (Docs. 25, 26.) Upon due consideration of the motion to dismiss, and the state-court record, the undersigned recommends that the motion to dismiss be granted.[2]

## One-Year Limitations Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment and runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be

---

[2] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2);

*Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Discussion

Petitioner's state court procedural history is as follows: Petitioner was charged by amended information with one count of aggravated assault on a law enforcement officer, one count of resisting an officer with violence, one count of resisting an officer without violence, two counts of possession of a controlled substance, and one count of possession of paraphernalia.  (Doc. 24, Ex. A.)  He was found guilty as charged, and sentenced on October 9, 2007, to fifteen years on count one, five years on count two, time served on count three, five years on each of counts four and five, and time served on count six.  (Ex. A at 130-136.)

Petitioner appealed his conviction, which was affirmed per curiam without written opinion by the First DCA on August 29, 2008.  (Ex. G); *Garrison v. State,* 992 So. 2d 254 (Fla. 1st DCA 2008) (table).  Petitioner's conviction became final 90 days later, on November 27, 2008, when the time for filing a petition for a writ of *certiorari* in the Supreme Court expired.  *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (Petitioner has ninety days to seek *certiorari* in Supreme Court after direct review in state courts).

On October 9, 2008, Petitioner filed a Fla. R. Crim. P. 3.800(c) motion to mitigate or reduce his sentence.  (Ex. I.)  The motion was denied on October 31, 2008.  (Ex. J.)  Petitioner filed a second Rule 3.800(c) motion on November 18, 2008.  (Ex. K.)  This motion was denied on December 3, 2008.  (Ex. L.)  However, these motions do not count as tolling motions.  *Baker,* 439 Fed.Appx. 786.

After November 27, 2008, the limitations period ran for **333 days**[3] until October 26, 2009, when Petitioner filed a Fla. R. Crim. P. 3.850 motion for post conviction relief. (Ex. M.) On November 18, 2009, Petitioner filed a motion to voluntarily dismiss his post conviction motion. (Ex. N.) The 3.850 motion was dismissed on December 3, 2009, and the limitations period began to run again. (Ex. O.)

From December 3, 2009, the limitations period ran for **32 days** until it expired, on January 4, 2010. The record reflects that Petitioner did not file another tolling motion until after the one-year limitation period expired. Petitioner filed other Fla. R. Crim. P. 3.850 motions, and a state habeas case, but these did not act as tolling motions because the one-year limitation period already had expired.

Petitioner's federal habeas petition was provided to prison officials for mailing on June 28, 2012. (Doc. 1.) Thus, his petition was filed more than two years *after* the limitation period expired.

Accordingly, because Petitioner did not file the instant habeas petition until more than two years after the limitations period already had expired, his petition is due to be dismissed as time-barred unless he can demonstrate entitlement to equitable tolling or some other exception to AEDPA's one-year limitation period.

## Petitioner is Not Entitled to Equitable Tolling

Respondent contends that Petitioner is not entitled to equitable tolling because the delay in presenting Petitioner's claims was within his control and was not unavoidable. "Equitable toling can be applied to prevent the application of AEDPA's

---

[3] The first report and recommendation incorrectly calculated the number of days that ran as 327 based upon the incorrect view that the rule 3.800(c) motions tolled the statute of limitations.

statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dept' of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001).  It is "an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002).  To demonstrate entitlement to equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

Petitioner makes no showing whatsoever that he is entitled to equitable tolling in his petition, and he failed to file a response to the motion to dismiss.  Thus, Petitioner has failed to meet his burden of proving entitlement to equitable tolling by showing "extraordinary circumstances that were both beyond his control and unavoidable even with diligence that prevented filing the petition on time." *Jones v. United States*, 304 F. 3d 1035, 1039-40 (11th Cir. 2002).

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Respondent's Motion to Dismiss, Doc. 24, should be **GRANTED** and the petition for writ of habeas corpus, Doc. 1, should be **DISMISSED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS,** at Gainesville, Florida, this 16th day of April 2014.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**